UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROTECT THE PUBLIC'S TRUST <br> 712 H Street, N.E. <br> Suite 1682 <br> Washington, D.C. 20002, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF TRANSPORTATION, <br> 1200 New Jersey Avenue, SE, <br> Washington, DC 20590 <br><br> Defendant. | Civil Case No. 1:25-cv-2659 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S. Department of Transportation ("DOT") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel DOT's compliance with FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants. PPT seeks to promote transparency and broadly disseminate

information so that the American people can evaluate the integrity and ethical conduct of those who act in their name.

5. Defendant DOT is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). DOT has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

6. On May 6, 2024, PPT submitted two FOIA requests to the DOT's National Highway Traffic Safety Administration ("NHTSA") FOIA Contact, NHTSA Secretariat (herein referred to as Request A and attached hereto Exhibit "A") and DOT FOIA Officer, Michael Bell (herein referred to as Request B and attached hereto Exhibit "B") requesting records related to communications between Elon Musk and/or employees of Tesla (press@tesla.com) and:

> a) Deputy Administrator, Sophie Shulman
> b) Chief Counsel, Adam Raviv
> c) Director of the Office of Governmental Affairs, Policy and Strategic Planning, Jason Levine
> d) Executive Director, Jack Danielson
> e) Associate Administrator, Sean Clayton
> f) Chief Technology Officer, Rajeev Dolas
> g) Associate Administrator, Communications and Consumer Information, Julie Vallese
> h) Associate Administrator, Research and Program Development, Nanda Srinivasan
> i) Associate Administrator, Regional Operations and Program Delivery, Barbara Sauers
> j) Associate Administrator, Vehicle Safety Research, Cem Hatipoglu
> k) Associate Administrator, Rulemaking, Ryan Posten
> l) Associate Administrator, Enforcement, Eileen Sullivan

regarding the following search terms:

> a) Elon Musk
> b) Tesla
> c) BYD
> d) Volkswagen
> e) GEELY

    f) General Motors
    g) Mercedes-Benz
    h) BMW Group
    i) Stellantis
    j) Hyundai Motor Group
    k) Renault

  7.  The Request seeks documents in the public interest because it will help the public's understanding of DOT and NHTSA's and its compliance with its own mission and responsibilities.

  9.  On May 14, 2024, NHTSA acknowledged receipt of Request A and assigned it tracking number NHSTA-240514-009 (Exhibit "C").

  10.  As of the date of filing, PPT has not received any further communication regarding the records from Request A.

  11.  On May 6, 2024, DOT acknowledged receipt of regarding Request B and assigned it Request # OST-2024-0448 (Exhibit "D").

  12.  On July 1, 2024, DOT provided a status update regarding Request B indicating it was working on completing its search (Exhibit "E").

  13.  DOT and NHTSA has still not made any determinations with regard to PPT's FOIA Requests despite over 458 days having elapsed. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). DOT has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determinations.

  14.  DOT and its NHTSA have thus violated its FOIA obligations.

  15.  Because DOT and its NHTSA have failed to make a determination within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

16. PPT repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

17. PPT's DOT requests discussed above were properly submitted requests for records within the possession, custody, and control of DOT.

18. DOT is an agency subject to FOIA and, therefore, has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

19. DOT is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

20. DOT's failure to provide all non-exempt responsive records violates FOIA.

21. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring DOT to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Plaintiff PPT respectfully requests this Court:

A) Assume jurisdiction in this matter and maintain jurisdiction until DOT complies with the requirements of FOIA and any and all orders of this Court.

B) Order DOT to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

C) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

Grant PPT other such relief as the Court deems just and proper.

Dated: August 13, 2025                                  Respectfully submitted,

PROTECT THE PUBLIC'S TRUST

By Counsel:
/s/ Karin M. Sweigart

Karin Moore Sweigart
D.D.C. Bar ID: CA00145
DHILLON LAW GROUP, INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Telephone: 415-433-1700
KSweigart@Dhillonlaw.com

*Counsel for the Plaintiff*